IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON A. WADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-210  RP |
| | § | |
| HOUSEHOLD FINANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court are Defendant Household Finance Corporation III's Renewed Motion to Dismiss and Brief in Support, filed  April 17, 2015 (Clerk's Dkt. #7); Plaintiff's Response to Household Finance Corporation's Renewed Motion to Dismiss, filed April 30, 2015 (Clerk's Dkt. #8); Defendant Household Finance Corporation III's Reply in Support of its Renewed Motion to Dismiss, filed May 7, 2015 (Clerk's Dkt. #9); and Plaintiff's Response to Household Finance Corporation's Reply in Support of its Renewed Motion to Dismiss, filed May 19, 2015 (Clerk's Dkt. #10).  After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## **I.  BACKGROUND**

On February 6, 2015 Plaintiff Don A. Wade filed this action in the 22nd Judicial District Court of Caldwell County, Texas.  Plaintiff named as sole defendant Household Finance Corporation ("HFC").  Defendant removed the action to this court on March 16, 2015.  Plaintiff thereafter filed an amended complaint.

By way of his amended complaint, Plaintiff alleges he is the owner of real property located at 596 Boulder Lane, Dale, Texas ("the Property").  According to Plaintiff, the Property at issue is a 3.4 acre portion of what was originally a 90 acre parcel.  Plaintiff states he sold a total of 55.31 acres of that parcel prior to March 2005.  Plaintiff further states, on March 26, 2005, he entered into

a finance agreement with HFC to finance two trailer houses in a Texas home equity loan.  Plaintiff alleges he pledged the 3.4 acres as security in documents entitled "Loan Repayment and Security Agreement and Mortgage."  (Plf 1st Orig. Am. Pet. at 3-4).

Plaintiff further alleges, at some point, his personal papers, including the original mortgage documents, were stolen from a file cabinet.  According to Plaintiff, the replacement copies he was given reflected the acreage of the Property as 34.69 acres.  Plaintiff states he began complaining, both orally and in writing, of the error to no avail.  Plaintiff additionally complains he was provided a disclosure statement during closing which reflected decreasing payment amounts and interest rates, however, his payments increased over time.  Further, according to Plaintiff, his payments were being credited to the wrong account, but this error was never corrected.  (*Id*. at 4).

Plaintiff states, due to HFC's misapplication of funds, failure to respond to requests for disclosure and to alter or amend the acreage encumbered, on November 27, 2007, he sent HFC a notice of rescission of the mortgage transaction by certified mail.  He further states HFC did not, and has not responded to the notice.  Plaintiff also states he hired an attorney who on December 28, 2007 sent a letter to HFC complaining of the discrepancies with the loan.  According to Plaintiff, HFC did not respond to that letter.  (*Id*. at 5).

Plaintiff alleges HFC executed a foreclosure sale on the Property on December 2, 2014.  Plaintiff further alleges the sale was wrongful as HFC no longer held a security interest in the Property, and because HFC violated the Texas Property Code in failing to provide notice of default and opportunity to cure, as well as not timely appointing a substitute trustee.  Plaintiff further alleges HFC was estopped from foreclosing under the applicable statute of limitations.  (*Id*. at 5-6).

Although Plaintiff's complaint is not precisely clear, he is apparently asserting claims for breach of contract, invalid foreclosure, deceptive trade practices under Texas law, violation of the

2

Truth in Lending Act and fraud. He demands both rescission and monetary damages.[1] (*Id*. at 6-12).

Defendant HFC has now filed a motion to dismiss Plaintiff's complaint for failure to state a claim. The parties have filed responsive pleadings and the matter is ripe for determination.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 678, 129 S. Ct.

---

[1] In his responsive pleadings to Defendant's motion to dismiss, Plaintiff additionally suggests he is asserting claims of breach of fiduciary duty, negligent misrepresentation and estoppel. However, it is clear he views the basis of those claims as "inherent" in his other claims. Because the claims Plaintiff asserts in his complaint fail for the reasons discussed below, the Court will not separately address the legal elements of those claims.

at 1949-50.  Second, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679, 129 S. Ct. at 1950.  Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

### III.  DISCUSSION

Defendant has moved to dismiss Plaintiff's complaint for failure to state a valid claim.  The undersigned will address the claims in turn.

**A.     Breach of Contract**

Defendant first moves to dismiss Plaintiff's claim for breach of contract.  Under Texas law, there are four elements for a breach of contract claim: (1) there was an enforceable valid contract between the parties; (2) the plaintiff performed its contractual obligations; (3) the defendant breached the contract; and (4) this breach caused plaintiff injury.  *Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.--San Antonio 1998, pet. denied); *Lynx Exploration & Prod. Co. v. 4-Sight Operating Co.*, 891 S.W.2d 785, 788 (Tex. App.--Texarkana 1995, writ denied).  In asserting this claim, Plaintiff states he entered into a contractual relationship with HFC in March 2005 by way of his mortgage loan.  He alleges the "steps taken by [HFC] in its move toward foreclosure were in violation of the contract," specifically the failure to provide him notice and time to cure.  (Plf. 1st Am Orig. Pet. at 6-7).

HFC maintains Plaintiff's claim fails because he has not specifically identified any provision in the loan document which was violated.  In responding to the motion to dismiss, Plaintiff provides

no counter to this argument, other than to continue to insist that various acts by HFC constituted breach of contract.

HFC additionally points out Plaintiff has not alleged facts showing he performed his contractual obligations. Rather, Plaintiff makes clear he ceased making payments on his mortgage obligations more than seven years before filing this action. (Plf 1st Orig. Am. Pet. at 6). "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *RE/MAX of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065, 1068 (1940)). *See also Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 574-75 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (plaintiff's own breach of contract precludes him from maintaining suit for breach of contract); *D.E.W., Inc. v. Depco Forms, Inc.*, 827 S.W.2d 379, 382 (Tex. App.—San Antonio 1992, no writ) (party in breach could not maintain suit for breach of contract). Plaintiff's default dooms his breach of contract claim. *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 328 (5th Cir. 2014) (holding plaintiffs' breach of contract claim "fails as a matter of law because they do not allege that they performed their obligations under the note"). Plaintiff's breach of contract claim is, therefore, properly dismissed.

**B.     Invalid Foreclosure**

HFC next contends Plaintiff's claim attacking the validity of the foreclosure should be dismissed. Under Texas law, to establish a claim for wrongful foreclosure, a plaintiff must show: (1) an irregularity in the foreclosure sale; (2) that his home sold for a grossly inadequate selling price and (3) a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price. *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.); *Charter Nat'l Bank—Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied). "A foreclosure is to be reviewed with a presumption that all prerequisites

5

to the sale have been performed and that provisions for waiver of notice are valid." *Deposit Ins. Bridge Bank, N.A., Dallas v. McQueen*, 804 S.W.2d 264, 266 (Tex. App.–Houston [1st] 1991, no writ). *See Clark v. F.D.I.C.*, 849 F. Supp. 2d 736, 759-60 (S.D. Tex. 2011) (Substitute Trustee's Deed of Trust, as a matter of law, is prima facie evidence of validity of foreclosure sale).

Plaintiff attacks the validity of the foreclosure on a number of grounds. He alleges HFC lacked authority to foreclose because HFC incorrectly described the Property in the loan documents, violated the Texas Property Code by failing to provide notice of default, an opportunity to cure and failing to timely appoint a substitute trustee, and additionally disregarded the notice of rescission sent in November 2007. Plaintiff also contends HFC was estopped from foreclosing under the applicable statute of limitations.

As a threshold matter, Plaintiff does not allege the foreclosure sale price was inadequate, or point to any connection between a defect in the foreclosure and the sales price. Rather, his entire argument is based on his contention that HFC was without legal authority to foreclose. This is an insufficient basis to support a claim for wrongful foreclosure. *See Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 749 (5th Cir. 2013) (allegation that defendants proceeded with foreclosure sale without authority does not state claim for wrongful foreclosure).[2] Accordingly, this claim is properly dismissed.

## C. Deceptive Trade Practices

Defendant next argues Plaintiff's claim asserting deceptive trade practices should be dismissed. HFC contends the claim is barred by the applicable statute of limitations. Dismissal of a claim under Rule 12(b)(6) as barred under the applicable statute of limitations is proper where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (dismissing

---

[2] The Court also notes that various documents attached to Plaintiff's pleadings indicate the foreclosure was pursuant to a judicial order obtained by HFC.

where amended complaint failed to allege or even remotely suggest plaintiffs were not aware of discrimination during their employment). *See also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing claim as time barred where claim was clearly filed after applicable limitations statute had run and it was evident from pleadings that plaintiff was not entitled to benefit of discovery rule).

Claims under Texas' Deceptive Trade Practices Act ("DTPA") are governed by a two year statute of limitations. TEX. BUS. & COM. CODE § 17.565; *Gonzales v. Sw. Olshan Found. Repair Co., LLC*, 400 S.W.3d 52, 57 (Tex. 2013). Plaintiff's claim of deceptive practices is centered on his assertion that HFC improperly described his property in the mortgage documents. At the latest, Plaintiff concedes he was aware of the issue in November 2007. He did not file this action until February 2015. Accordingly, Plaintiff's claim under the DTPA is properly dismissed as barred by the statute of limitations.[3]

**D.     Truth in Lending Act**

Defendant further moves to dismiss Plaintiff's claims under the Truth in Lending Act ("TILA"). Plaintiff alleges that, in violation of TILA, HFC failed to provide: (1) all required disclosures prior to the consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b); (2) two copies each of the Notice of Right to Cancel in a form he could retain as required by 15 U.S.C. 1635 and Regulation Z. § 226.23(b); and (3) a TILA disclosure statement pursuant to Regulation Z § 226.17(d). (Plf 1st Orig. Am. Pet. at 9-10). Plaintiff seeks both monetary damages and to assert the rescission remedy available under TILA.

HFC maintains Plaintiff's TILA claim is also barred by the statute of limitations. As to Plaintiff's claim seeking monetary damages, "[a]ny action [for damages] under [TILA] may be

---

[3] Defendant also contends Plaintiff lacks standing to assert a claim under the DTPA as he is not a "consumer" for the purpose of the DTPA. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (consumer status is essential element of DTPA cause of action). Because the Court has concluded Plaintiff's claim is time-barred, this argument need not be addressed.

brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). As set forth above, the mortgage transaction at issue in this case was consummated in March 2005. Plaintiff did not file this action until February 2015, well outside the limitations period. Accordingly, his claim for monetary damages under TILA is barred by the statute of limitations. *See McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013) (district court did not err in dismissing claims alleging improper disclosures under TILA filed more than three years after loan documents executed).

As to Plaintiff's claim seeking rescission, the right to seek rescission under TILA expires three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). HFC contends this claim is untimely because Plaintiff did not seek rescission until filing this suit nearly ten years after execution of the loan documents. Plaintiff, however, contends his claim is timely because he invoked his right to rescission in 2007. Plaintiff correctly points out that the Supreme Court recently held that a borrower exercises his right of rescission by notifying the creditor of his intention to rescind, whether or not the borrower has filed an action in court. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

In its reply in support of the motion to dismiss, HFC maintains Plaintiff has not shown he exercised his right of rescission timely, because he has not attached the notice of rescission, or alleged any other details, including to whom he sent his notice. Plaintiff filed a responsive pleading to that reply, and attached as Exhibit C to that pleading ("Exhibit C"), the document he contends was intended to invoke his right to rescission under TILA. (Plf. Resp. to Reply Ex. C).[4]

---

[4] In determining a motion to dismiss, courts must consider the complaint as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (documents that defendant attaches to motion to dismiss are considered part of pleadings if they are referred to in plaintiff's complaint and are central to her claim).

Exhibit C is a single page document, entitled "Account Summary." It is largely typewritten, includes an illegible portion, and also contains several handwritten notes, presumably those of Plaintiff. (*Id*. Ex. C). The handwritten notes include "Pd 11/27/07" at the top of the page, and at the bottom "Unacceptable!! This is the last payment you will receive until someone fixes this!" The final note states "Recission instituted as of this date." (*Id*.).

Further review of Exhibit C, in combination with other documents submitted by Plaintiff, rebuts Plaintiff's contention that the document invoked his right to rescission under TILA. As an initial matter, the Court notes Exhibit C is not itself dated. Nor is there any indication that Exhibit C was actually mailed or otherwise sent to HFC, or indeed, anyone.

Additionally, Plaintiff has provided a copy of a letter dated December 28, 2007, apparently sent to HFC by an attorney on behalf of Plaintiff. According to that letter, Plaintiff had two outstanding loan accounts with HFC, one for purchase of a copier, the other for the loan indebtedness at issue in this action. (*Id*. Ex. D). At the top, Exhibit C states "Your Personal Credit Line is $5,100.00" and "Your Available Credit is $584.00." (*Id*. Ex. C). Also handwritten on Exhibit C is the notation "Copier Note." (*Id*.). The combination of these facts makes clear Exhibit C is not a document related to Plaintiff's mortgage indebtedness, but rather his debt for purchasing a copier. In sum, Exhibit C does not suffice to show Plaintiff invoked his right of rescission under TILA within three years of consummation of his mortgage transaction.[5] The motion to dismiss Plaintiff's TILA claim is, therefore, properly granted.

**E.    Fraud**

Defendant additionally contends Plaintiff's claim for fraud is barred by the applicable statute of limitations. Plaintiff's claim of fraud is based on allegations that he was misled by HFC employees concerning the nature of his loan and the property that was pledged to secure the loan.

---

[5] The Court additionally notes the handwritten notes on Exhibit C could also be attacked as unverified hearsay. For the purpose of the motion to dismiss, the Court is viewing the facts asserted in the document as true.

(Plf 1st Orig. Am. Pet. at 11). As set forth above, Plaintiff entered into the loan in March 2005.

Under Texas law, claims of fraud are subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas* Co., 348 S.W.3d 194, 216 (Tex. 2011). The statute of limitations for fraud begins to run from the time the party knew of the misrepresentation. *Emerald Oil & Gas*, 348 S.W.3d at 216. *See Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015) (limitations does not start to run until the fraud is discovered or the exercise of reasonable diligence would discover it). Plaintiff's complaint makes clear he knew of the alleged misrepresentations by HFC concerning his loan at the latest in November 2007. As Plaintiff did not file this action until more than seven years later, his claim of fraud is barred by the statute of limitations. The motion to dismiss this claim, therefore, is properly granted.

**F.     Rescission**

Finally, Defendant maintains Plaintiff's request for rescission fails. As set forth above, Plaintiff's right to rescission under TILA was not timely invoked. As to any claim for rescission under Texas common law, "[r]escission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 611 (N.D. Tex. 2006) (citing *Martin v. Cadle Co.*, 133 S.W.3d 897, 903 (Tex. App.–Dallas 2004, pet. denied)).

Defendant maintains Plaintiff cannot seek equitable relief because he has not acted equitably himself. The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Mfg. Co. v. Automotive Main. Mach. Co.*, 324 U.S. 806, 814 (1945). Put another way, "it is a principle of equity that to obtain equitable relief the applicant must have done equity." *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.–Houston [1st Dist.] 1982, no writ). *See Fillion v. David Silvers Co.*, 709 S.W.2d

240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (necessary prerequisite to rescission is tender of amounts due).  Plaintiff admits he defaulted on his payment obligations long before filing this action.  Accordingly, he has not shown he is entitled to equitable relief, and this claim fails.

## IV.  CONCLUSION

The Court hereby **GRANTS** Defendant Household Finance Corporation III's Renewed Motion to Dismiss (Clerk's Dkt. #7) and dismisses Plaintiff's claims with prejudice.

**SIGNED** on June 4, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE